IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRAVIS RODRIGUES,

               Plaintiff,

      v.

JACKSON COUNTY, CHRISTOPHER
ZORNES, MIKE WINTERS, and JOHN
DOE,

               Defendants.

Civ. No. 1:13-cv-1589-CL


REPORT AND
RECOMMENDATION

---

CLARKE, Magistrate Judge.

    This matter comes before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted (#8). Plaintiff filed a response and amended complaint (#9) on November 25, 2013. Oral argument occurred on January 16, 2014. For the reasons discussed below, the court recommends that defendant's motion be GRANTED.

## BACKGROUND

    Plaintiff Travis Rodrigues ("plaintiff") filed this action September 9, 2013, alleging a violation of his constitutional right to be free of excessive force and cruel and unusual

punishment under 42 U.S.C. § 1983. He also alleges state law claims of negligence and battery

against the County and defendants Zornes and Doe, respectively.

The complaint states that defendants Winters, Zornes, and Doe were employees of

Jackson County and acting within the scope of employment and under color of state law when

plaintiff was removed from his cell some time during the weekend of October 15, 2011. Around

that time, Zornes and Doe allegedly battered plaintiff about the head and slammed him headfirst

into a wall. Plaintiff suffered a concussion and a black eye.

Defendants now move to dismiss plaintiff's state law negligence claims and § 1983

claims against Jackson County, arguing that plaintiff fails to state a claim upon which relief can

be granted. This court has jurisdiction over plaintiff's federal claim pursuant to 28 U.S.C. §§

1331 and 1343, and over his state law claims pursuant to 28 U.S.C. § 1367.

## LEGAL STANDARD

Under FED. R. CIV. P 12(b)(6), a district court must dismiss a complaint if it fails to state

a claim upon which relief can be granted. The question presented by a motion to dismiss is not

whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer

evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on

other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). In answering this question, the court

must assume that the plaintiffs' allegations are true and must draw all reasonable inferences in

the plaintiffs' favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). A

complaint need not make "detailed factual allegations," however, "a formulaic recitation of the

elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 -

556 (2007). To survive a motion to dismiss under FRCP 12(b)(6), plaintiffs must allege

sufficient facts to "raise a right to relief above the speculative level." *Id.* at 555. That is,

plaintiffs must show that their claims are not merely conceivable, but plausible. *Id.* at 570;

*Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

## DISCUSSION

Defendants first argue that the complaint fails to state claim of negligence against

Jackson County. The Amended Complaint alleges, in relevant part:

> The County was negligent in one of more of the following particulars:
> (a) Failing to hire, train and supervise employees regarding transporting and handling detainees safely;
> (b) Failing to hire, train and supervise employees regarding reasonable suspicion and probable cause, and unreasonable search and seizure

Am. Compl. 4-5. These conclusory allegations, without more, fail to state a plausible claim of

negligence against Jackson County under the *Iqbal* and *Twombly* standard. The court finds that

plaintiff fails to allege any facts that, taken as true, suggest that Jackson County was negligent in

failing to hire, train and supervise employees regarding transporting and handling detainees

safely. Accordingly, defendant's motion should be granted as to plaintiff's claim of negligence

against Jackson County.

Defendants argue, second, that plaintiff's Amended Complaint does not allege sufficient

facts to state a claim against Jackson County under § 1983 for a custom, policy, or practice of

violating inmates' constitutional rights. *See, e.g.*, Am. Compl. ¶¶ 11, 30. The Amended

Complaint states:

> Jackson County defendants Zornes and Doe, et al., acting under color of law, deprived plaintiff of hi[s] Fourth Amendment Rights repeatedly.
> Winters, acting as sheriff[,] was the final policymaker for Jackson County as to jail policies for inmate care, prohibition on employee abuse of inmates, proper investigation of allegations of official abuse of inmates and documentation of inmate abuse, and the treatment for inmate abuse. He has also knowingly ratified and approved of Jackson County employees [sic] repeated abuse and mistreatment of inmates. Winters [sic] prior ratification and approval of the beating of Alvarez six months earlier … demonstrates a custom, policy pattern and/or practice of mistreating inmates and/or authorizing and

ratifying deputies to use excessive force and subsequently deem their actions as within policy.

Am. Compl. 5-6. The court finds that plaintiff's allegations of two isolated incidents of inmate beatings fails to establish a custom, policy, or practice of constitutional rights violations. The Amended Complaint therefore fails to "raise a right to relief above the speculative level" under the *Iqbal* and *Twombly* standard. *Twombly,* 550 U.S. at 555. Accordingly, defendants' motion should be granted in its entirety.

## RECOMMENDATION

The court carefully considered defendants' motion in light of the pleading standard set forth in *Twombly* and *Iqbal*. Plaintiff's claims of negligence and § 1983 liability for a custom, policy, or practice of ratifying constitutional violations do not meet this standard. Defendants' motion to dismiss (#8) should therefore be GRANTED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due 14 days from today's date. If objections are filed, any response to the objections is due 14 days from the date of the objection. *See* FED. R. CIV. P. 72, 6.

DATED this 16 day of January, 2013

MARK D. CLARKE
United States Magistrate Judge