IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

TRAVIS RODRIGUES,

Plaintiff,

v.

DEPUTY ZORNES and DEPUTY MERCK,

Defendants.

Civ. No. 1:13-cv-01589-CL

**REPORT AND
RECOMMENDATION**

CLARKE, Magistrate Judge.

Plaintiff Travis Rodrigues ("Plaintiff") brings this action against Jackson County
Deputies Zornes ("Deputy Zornes") and Merck ("Deputy Merck") (collectively, "Defendants")
for injuries he allegedly sustained while detained in the Jackson County Jail. Plaintiff's Second
Amended Complaint (#68) asserts claims of excessive force, battery, and negligence.

Currently before the Court are the parties' cross motions for summary judgment (#36,
#40, #69). Defendants ask the court to grant judgment in its favor on all claims. The scope of
Plaintiff's motion is less clear. It contradictorily states "plaintiff Travis Rodrigues hereby moves

the Court for *partial* summary judgment as to liability on *all* his state claims." Pl.'s Mot., at 1 (emphasis added). Because Plaintiff's memorandum in support of his motion focuses strictly on his claims of negligence and battery, the Court assumes his motion is limited to those state law claims. For the reasons set forth below, the Court recommends that Defendants' motion (#36, #69) be GRANTED IN PART and DENIED IN PART and Plaintiff's motion (#40) be DENIED in its entirety.

## PRELIMINARY EVIDENTIARY MATTERS

Defendants raise several evidentiary objections to Plaintiff's motion for summary judgment and Plaintiff's opposition to Defendants' motion.

### I.   Statement of Facts in Plaintiff's Motion for Summary Judgment

Local Rule 56-1(a) requires parties to cite factual assertions to the record in their summary judgment briefing. The Court will disregard Plaintiff's summation of the facts to the extent that it fails to satisfy this rule.

### II.   Plaintiff's Counsel's Declarations

FED. R. CIV. P. 56(c)(4) requires a declaration submitted in support of or opposition to a motion for summary judgment to be made on personal knowledge, set forth facts that would be admissible in evidence, and show the declarant is competent to testify on the matters addressed therein. Plaintiff improperly attached booking photos and medical records as exhibits to the declarations of Plaintiff's counsel. Plaintiff's counsel has no personal knowledge of whether the items are true and correct copies of what he purports them to be. Thus, the exhibits are not authenticated or admissible. The Court will not consider them when reviewing the pending summary judgment motions. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002).

/ / /

### III.   Declarations of Alvarez and Rodrigues

28 U.S.C. § 1746(1) requires a person submitting a declaration to sign it, date it, and swear "under penalty of perjury under the laws of the United States of America that [its contents are] true and correct." The law permits some flexibility in the wording of the oath. It requires declarations to contain statements in "substantially" the same form as the one quoted above. 28 U.S.C. § 1746. Defendants assert the declarations of Alvarez and Rodrigues, proffered by Plaintiff, are defective and invalid. Specifically, Defendants note that the declarations' oaths do not include the phrase "true and correct" and thus assert they violate 28 USC § 1746. However, both declarations state that they are made "under penalty of perjury" and include the declarant's dated signatures. The Court is satisfied these declarations are sworn and, accordingly, will consider them in its recommendation on the pending motions for summary judgment.[1] *See LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 65-66 (2d Cir. 1999) ("Although the letter does not contain the exact language of Section 1746 nor state that the contents are "true and correct," it substantially complies with these statutory requirements, which is all that this Section requires.").

## FACTUAL BACKGROUND

Plaintiff was arrested for an outstanding State Parole Board Warrant and processed into the Jackson County Jail on October 12, 2011. Zornes Decl. ¶¶ 1-2. The Jail held Plaintiff pursuant to a retainer pending his relocation to face charges in Washington County. Zornes Decl. ¶ 2. Plaintiff was processed out of the Jackson County Jail and transported to Washington County on October 18, 2011. Zornes Decl. ¶ 2. Plaintiff had no visible facial bruising when he

---

[1] Going forward, Plaintiff's counsel should consider incorporating the full text of the oath set forth in 28 U.S.C. § 1746 into declarations.

was booked into the Jackson County Jail but he did when he left. Stipulated at Oral Argument (#73).

Every night, the Jail's inmates are subject to "lock down," meaning they must retire to their beds. Zornes Decl. ¶ 5. The parties disagree regarding the timing of "lock down." Defendants assert it occurred sometime between 11:00 and 11:45 p.m. Zornes Decl. ¶ 5. Plaintiff says the Jail locked down at 10 p.m. Kirchoff Decl. Ex. 1, at 17 (Rodrigues Dep. 13:8-11).

Plaintiff alleges that after lockdown one evening between October 13th and 16th, Deputy Zornes and Deputy Merck entered Plaintiff's cell while he was sleeping. Kirchoff Decl. Ex. 1, at 17 (Rodrigues Dep. 13:14-17); Rodrigues Decl. ¶¶ 4, 6. The officers grabbed Plaintiff and pulled him out of his cell. Kirchoff Decl. Ex. 1, at 17-18 (Rodrigues Dep. 13:24-14:1). Plaintiff remembers his head hitting the wall. Kirchoff Decl. Ex. 1, at 19 (Rodrigues Dep. 20:1). After that, he believes he was knocked unconscious. Kirchoff Decl. Ex. 1, at 18 (Rodrigues Dep. 14:13-16). Sometime later, Plaintiff was returned to his cell with visible injuries to his face and arms. Rodrigues Decl. ¶ 7. A nearby fellow inmate saw Deputy Zornes and another officer placing an injured Plaintiff in his cell. Alvarez Decl. ¶ 4. The inmate had seen Plaintiff earlier that day "appearing whole and healthy." Alvarez Decl. ¶ 3.

Deputies Zornes and Merck both worked on October 14th. Zornes Decl. Ex. 1, at 7. Deputy Zornes was assigned to the "West Station/ Kitchen." Zornes Decl. Ex. 1, at 7. Deputy Merck's assignment was "South Station/ Floor Mgr." Zornes Decl. Ex. 1, at 7. Plaintiff was housed in the Jail's North Station. Zornes Decl. ¶ 7. At lockdown, Deputy Zornes asserts he was not in or near the North Station of the Jail. Zornes Decl. ¶ 7. Deputy Zornes says he did not

physically confront or use force against Plaintiff, nor did he witness any other deputies doing so. Zornes Decl. ¶ 7.[2]

## LEGAL STANDARD

Summary judgment is appropriate if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the moving party fulfills its burden, the burden shifts to the non-moving party who must go beyond the pleadings to identify genuine issues of fact. *Celotex Corp.*, 477 U.S. at 324. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Fed. R. Civ. P. 56, designate specific facts that show there is a genuine issue for trial. *Devereaux*, 263 F.3d at 1076.

The court must view the evidence in the light most favorable to the nonmoving party. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). All reasonable doubt as to the existence of a genuine dispute of material fact should be resolved against the moving party.

---

[2] On October 29, 2014, the Court granted (#63) Plaintiff's motion to amend his complaint to identify Defendant Doe as Deputy Merck. At that time, both summary judgment motions had been filed but were not fully briefed. The Court allowed Defendant additional time to amend its motion in light of the amended complaint. Defendant provided additional briefing but did not supplement the record with any additional evidence such as a declaration from Deputy Merck.

*Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of North America*, 638 F.2d 136, 140 (9th Cir. 1981). However, facts must be "viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

### I.   Excessive Force

Because "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant[,]" Defendants argue summary judgment is warranted. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). They assert there is no evidence that Defendants used any force against Plaintiff. In so stating, Defendants mischaracterize the record before the Court. The central issue of this suit — whether Defendants used force against Plaintiff — is clearly in dispute. Plaintiff offers testimony that Defendants entered his cell and physically harmed him. Defendants offer testimony that they did not come near Plaintiff. A jury must weigh this conflicting evidence and assess the parties' relative credibility. Summary judgment is not appropriate.

### II.   Battery

The Court should similarly deny the parties' motions for summary judgment on Plaintiff's battery claim. Oregon courts have defined "battery" as "a 'voluntary act that is intended to cause the resulting harmful or offensive contact.'" *Ballard v. City of Albany*, 221 Or. App. 630, 640-41 (2008) (quoting *Walthers v. Gossett*, 148 Or. App. 548, 552 (1997)). Here, the

parties present conflicting testimony regarding whether they had a physical altercation. Because there are persisting factual questions regarding whether the parties had contact that could constitute a battery, the Court should deny summary judgment.

## III.   Negligence

Plaintiff's negligence claim rests on the same alleged facts as his section 1983 claim. Under Oregon law, allegations of intentional conduct do not support a claim for negligence.[3] *See Kasnick v. Cooke,* 116 Or. App. 580, 583 (1992) ("[P]laintiff may not allege facts that necessarily would constitute an intentional tort but then assert that he can prevail by proving only negligence."). "As a matter of law and fact, there is no such thing as a negligent fist fight." *Id.* Moreover, judges in the District of Oregon have held that, in the later stages of litigation, "a state common-law claim of negligence may be maintained separately from a § 1983 claim only when the negligence claim is based on facts that are different from the facts on which the § 1983 claims are based." *Whitfield v. Tri–Metropolitan Transp. Dist.,* No. 06–1655–HA, 2009 WL 839484, at *11 (D. Or. Mar. 30, 2009) (Judge Haggerty granted the defendant's summary judgment motion as to the plaintiff's negligence claim because it was based on the same operative facts as his section 1983 claims). In *Saberi v. City of Portland*, Judge Mosman found for the defendant on the plaintiff's negligence claim and explained:

> [A] state common law negligence claim may be maintained separately from a § 1983 claim only when the negligence claim is based on facts that are distinct from the facts on which the § 1983 claim is based. Here, the negligence claim is based on the same operative facts as the § 1983 claim. It is therefore not a proper basis for a separate negligence claim. Nor can

---

[3] Plaintiff mistakenly invokes the doctrine of *res ipsa loquitor* to support his battery and negligence claims. *Res ipsa loquitor* is a rule of circumstantial evidence that allows a jury to infer causation and negligence where the injury is of a type that does not ordinarily occur in the absence of negligence. *McKee Electric Co. v. Carson Oil Co.*, 301 Or. 339, 353 (1986). It is not applicable to the intentional tort of battery. Nor is it available where, as here, the plaintiff alleges the specific cause of his injury: the defendants' intentional conduct.

assault and battery, which are intentional, form the basis for a negligence claim. *See Denton v. Arnstein,* 197 Or. 28, 45, 250 P.2d 407, 415 (1952).

No. CV 04-1396-MO, 2006 WL 2707995, at *4 (D. Or. Sept. 18, 2006); *see also Woods v. Gutierrez,* No. 3:11-CV-01082-BR, 2012 WL 6203170, at *12 (D. Or. Dec. 12, 2012) (Judge Brown held the plaintiff's claim for negligence, which was based on the same conduct as his claims under section 1983, could not be maintained at summary judgment). In line with this case law, Plaintiff's negligence claim cannot survive summary judgment. Plaintiff improperly attempts to categorize an alleged intentional tort as negligent conduct and rests his negligence claim on the exact same factual allegations as his constitutional claim.

## RECOMMENDATION

For the reasons set forth above, the Court should GRANT Defendants' summary judgment motion (#36, #69) as to Plaintiff's negligence claim and DENY their motion (#36, #69) as to Plaintiff's excessive force and battery claims. The Court should DENY Plaintiff's summary judgment motion (#40) in its entirety.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of January 2015.

_____
MARK D. CLARKE
United States Magistrate Judge